**SANDERS LAW GROUP**
Craig B. Sanders
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 124885

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Flash90 LTD, <br><br> Plaintiff, <br><br> v. <br><br> DALLAS-FORT WORTH HOSPITAL COUNCIL VENTURES, INC., <br><br> Defendant. | Case No: <br><br> **COMPLAINT** <br><br> DEMAND FOR JURY TRIAL |

Plaintiff Flash90 LTD ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against defendant DALLAS-FORT WORTH HOSPITAL COUNCIL VENTURES, INC. ("*Defendant*") states and alleges as follows:

### INTRODUCTION

1. This action seeks to recover damages for copyright infringement.

2. Plaintiff herein creates photographic images and owns the rights to these photographs which Plaintiff licenses for various uses including online and print publications.

3. Defendant owns and operates a website known as gp1.com (the "*Website*").

4. Defendant, without permission or authorization from Plaintiff actively copied, stored, and/or displayed Plaintiff's photographs on the Website and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

5. Plaintiff Flash90 Ltd. is a photography company that maintains its principal place of business at 14 Hillel Street in Jerusalem, Israel.

6. Upon information and belief, Defendant DALLAS-FORT WORTH HOSPITAL COUNCIL VENTURES, INC., is a Texas corporation with a principal place of business at 300 Decker Drive, Irving in Dallas County, Texas and is liable and responsible to Plaintiff based on the facts herein alleged.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

8. This Court has personal jurisdiction over DALLAS-FORT WORTH HOSPITAL COUNCIL VENTURES, INC. because it maintains its principal place of business in Texas.

9. Venue is proper under 28 U.S.C. §1391(a)(2) because DALLAS-FORT WORTH HOSPITAL COUNCIL VENTURES, INC. does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

10. Plaintiff is a professional photography company by trade who is the legal and rightful owners of photographs which it licenses to online and print publications.

11. Plaintiff has invested significant time and money in building Plaintiff's photograph portfolio.

12. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

13. Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

14. The Website is a popular and lucrative commercial enterprise.

15. On or about May 3, 2020, Plaintiff authored (via work-for-hire) a photograph of a little girl in a classroom wearing a face mask ("Photograph 1"). A copy of Photograph 1 is attached hereto collectively as Exhibit 1.

16. On July 20, 2020, Photograph 1 was registered by the USCO under Registration No. VA 2-213-006.

17. On March 7, 2021, Plaintiff first observed Photograph 1 on the Website in a story dated July 29, 2020. A copy of screengrab of the Website including Photograph 1 is attached hereto collectively as Exhibit 2.

18. The Photograph was displayed at URL: https://gp1.com/covid-19-school-reopening-jujitsu-for-employers/.

19. The Photograph was stored at URL: https://gp1.com/wp-content/uploads/2020/07/Back-to-school4-1.jpg.

20. The Photograph was also stored at URL: https://twitter.com/GP1screening/status/1288541507989929986.

21. Without permission or authorization from Plaintiff, Defendant volitionally selected, copied, stored and displayed Plaintiff's copyright protected photograph as set forth in Exhibit "1" on the Website.

22. Upon information and belief, the Photograph was copied, stored and displayed without license or permission, thereby infringing on Plaintiff's copyrights (hereinafter singularly the "*Infringement"* and collectively the "*Infringements*").

23. Each Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than transitory duration and therefore constitutes a specific infringement. *17 U.S.C. §106(5); Perfect 10, Inc. v. Amazon.com, Inc.,* 508 F.3d 1146, 1160 (9th Cir. 2007).

24. Each Infringement is an exact copy of the entirety of Plaintiff's original image

that was directly copied and stored by Defendant on the Website.

25. Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Website, including, but not limited to copying, posting, selecting, commenting on and/or displaying images including but not limited to Plaintiff's Photograph.

26. Upon information and belief, Defendant directly contributes to the content posted on the Website by, inter alia, directly employing reporters, authors and editors as its agents, including but not limited to Kaitlyn Ellis whose Defendant's Website lists her as an author ("Employees").

27. Upon information and belief, at all material times the Employees were acting within the course and scope of their employment when they posted the Infringements.

28. Upon information and belief, at all material times the Employees were acting within the course and scope of their agency when they posted the Infringements.

29. Upon information and belief, the Photograph was willfully and volitionally posted to the Website by Defendant.

30. Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringement was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringement which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringement on the part of Defendant.

31. Upon information and belief, Defendant engaged in the Infringements knowingly and in violation of applicable United States Copyright Laws.

32. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Website and exercised and/or had the right and ability to exercise such right.

33. Upon information and belief, Defendant monitors the content on its Website.

34. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringements.

35. Upon information and belief, the Infringements increased traffic to the Website and, in turn, caused Defendant to realize an increase its advertising revenues and/or merchandise sales.

36. Upon information and belief, a large number of people have viewed the unlawful copies of the Photograph on the Website.

37. Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

38. Defendant's use of the Photograph, if widespread, would harm Plaintiff's potential market for the Photograph.

39. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
### (Direct Copyright Infringement, 17 U.S.C. §501 et seq.)

40. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

41. The Photograph is an original, creative works in which Plaintiff owns valid copyright properly registered with the United States Copyright Office.

42. Plaintiff has not licensed Defendant the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the Copyrights to Defendant.

43. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, stored, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

44. Defendant's reproduction of the Photograph and display of the Photograph on the Website constitutes willful copyright infringement. *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991).

45. As a result of Defendants' violations of Title 17 of the U.S. Code, Plaintiff is entitled to any an award of actual damages and disgorgement of all of Defendant's profits

attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against each Defendant for each infringement pursuant to 17 U.S.C. § 504(c).

46. As a result of the Defendants' violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendants.

47. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

48. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photographs in violation of 17 U.S.C. §501 et seq. and award damages and monetary relief as follows:

   a. finding that Defendant infringed Plaintiff's copyright interest in the Photograph by copying and displaying without a license or consent;

   b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against each Defendant for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

   c. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendants from any infringing use of any of Plaintiff's works;

   d. for costs of litigation and reasonable attorney's fees against Defendant

      pursuant to 17 U.S.C. § 505;

  e. for pre-judgment interest as permitted by law; and

  f. for any other relief the Court deems just and proper.

DATED: January 26, 2023

           **SANDERS LAW GROUP**

           By: */s/ Craig B. Sanders*
           Craig B. Sanders, Esq.
           333 Earle Ovington Blvd, Suite 402
           Uniondale, NY 11553
           Tel: (516) 203-7600
           Email: csanders@sanderslaw.group
           File No.: 124885
           *Attorneys for Plaintiff*